_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 2 7 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS SHIPMAN                          *

     Plaintiff,                          *

v.                                      *          Civil Action No. RDB-13-03929

CAROLYN COLVIN, COMMISSIONER,          *
SOCIAL SECURITY ADMINISTRATION
                                        *
     Defendant.                          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Dennis Shipman ("Mr. Shipman" or "Plaintiff"), proceeding *pro se*, brings

this action against Defendant Carolyn Colvin ("Defendant"), Acting Commisioner of the

Social Security Administration (the "Administration"),[1] seeking judicial review of the

Commissioner's denial of his request to be the "representative payee" of his minor son's

social security benefits.   Pending before this Court is Defendant's Motion to Dismiss, or in

the Alternative, for Summary Judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the

Federal Rules of Civil Procedure (ECF No. 12).   The parties' submissions have been

reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).   For the reasons

that follow, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment

(ECF No. 12), construed as a Motion to Dismiss, is GRANTED.

---

[1] Plaintiff initially named Arlen Smith, Jr., individually and in his official capacity, and the Social Security Administration as defendants. Mr. Smith is a Social Security Administration District Manager.  On March 11, 2014, this Court issued an Order (ECF No. 9) granting Defendant's motion to substitute Carolyn Colvin, Acting Commissioner of Social Security (ECF No. 7), as the defendant in place of Mr. Smith.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

Plaintiff brought this action by way of an affidavit, which was docketed as his complaint against Defendant, on December 31, 2013. Pl.'s Aff., ECF No. 1. Mr. Shipman is the biological father of his minor son, to whom social security[2] benefits have been awarded. The child's biological mother, with whom Mr. Shipman shares a voluntary joint physical custody arrangement, was named the representative payee of those benefits. Mr. Shipman contends that he was improperly denied representative payee status for his son's benefits, and he seeks an injunction and restraining order preventing the Agency from paying those benefits to the child's mother. *Id.* at 2. Mr. Shipman claims that the expenses associated with traveling to and from Delaware, where the child's mother resides, as well as

---

[2] Although Plaintiff's affidavit does not specify the Title of the Social Security Act under which his minor son was awarded benefits, Title XVI is the only section of the Act that provides benefits to children. Accordingly, this Court will assume that Plaintiff's minor son's receives Supplemental Security Income ("SSI") benefits and that Plaintiff's request to be made a representative payee of those benefits is governed by 42 U.S.C. § 1382 *et. seq.* and 20 C.F.R. § 416.101 *et.seq.*, for purposes of the analysis that follows.

feeding, clothing, and caring for the child, place a "tremendous hardship" on his financial resources. *Id.* at 5.

Mr. Shipman primarily claims that the Administration's decision to name the child's mother as the representative payee was arbitrary and contrary to any statutory or regulatory authority. *Id.* at 3-5. He further contends that custody and child support litigation regarding his minor son is currently pending in the Circuit Court for Baltimore County, Maryland, and that the Administration's determination usurped the role of that court. *Id.* at 6. Finally, Mr. Shipman alleges that he had no characteristics disqualifying him from serving as a representative payee and that the district manager improperly sent "advance notice" to the child's mother in contravention of administration policy. *Id.* at 3-4.

In response to Plaintiff's affidavit, Defendant moved to dismiss Plaintiff's claim for both lack of subject matter jurisdiction and failure to assert a claim upon which relief can be granted. Def.'s Mot. to Dismiss, ECF No. 8. In the alternative, Defendant moved for summary judgment. *Id.* In conjunction with her motion, Defendant filed an affidavit, prepared by Arlen Smith, Jr., a Social Security Administration District Manager. Def.'s Aff., ECF No. 12-1. The affidavit states that the records of the Social Security Administration reflect that "[t]he [Administration] made the initial determination to select the mother of Plaintiff's minor son, KS, as KS's representative payee with respect to KS's auxiliary child benefits." *Id.* at 2. Thereafter, Mr. Shipman applied to become the representative payee with respect to those benefits. *Id.* The affidavit explains that Mr. Shipman's request was denied both initially and on reconsideration, and that as of March 7, 2014, his request for a hearing

3

before an administrative law judge on the matter remained pending. *Id.* Plaintiff filed no response to Defendant's Motion.

In an Order dated September 17, 2014 (ECF No. 10), this Court explained that the "Certificate of Service filed by the Commissioner is deficient," thereby excusing Plaintiff's failure to respond to the Motion. This Court then denied Defendant's Motion to Dismiss "at this stage of the proceedings." *Id.* Shortly thereafter, Defendant filed a second Motion to Dismiss (ECF No. 12), asserting the same grounds as those offered in its first Motion. Defendant first contends that the Commissioner's denial of a request to become the representative payee of of a claimant's benefits is not subject to review by this Court. Moreover, Defendant claims that even if such a decision were subject to review by this Court, jurisdiction in this case would nevertheless be improper because Mr. Shipman has not exhausted the administrative remedies available to him.

In response to Defendant's motion, Mr. Shipman filed a letter indicating that he is prepared to stipulate to dismissal with prejudice, "if the Social Security Administration Inspector General's office formally acknowledges the complaint, which they have neglected to do to date." Pl.'s Resp., 1, ECF No. 15. As this Court finds that Mr. Shipman's affidavit failed to set forth any facts establishing subject matter jurisdiction, it need not consider whether Mr. Shipman has asserted a claim upon which relief can be granted or whether summary judgment is instead warranted.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought

by a complainant. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). This challenge may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting that the jurisdictional allegations of the complaint are not true. *See Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996) (citation omitted). When a defendant presents a facial challenge, the court accepts the allegations in the complaint as true, as it would on a motion pursuant to Rule 12(b)(6). *Id.* However, when a defendant presents a factual challenge, "the court may consider evidence outside of the complaint to determine whether sufficient facts support the plaintiff's jurisdictional allegations." *Id.* A court may properly "regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony.").

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942)). However, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Eeeke*, 574 F.2d 1147, 1151 (4th Cir. 1987). Courts are instructed that *pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977)). Where a plaintiff has failed to exhaust administrative remedies before

5

bringing a claim, the action should be dismissed under Rule 12(b)(1).  *See Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md. 2003), *aff'd* 85 Fed. Appx. 960 (4th Cir. 2004).

## ANALYSIS

In moving to dismiss the subject action, Defendant contends that Mr. Shipman's claim should be dismissed for lack of subject matter jurisdiction.  Mr. Shipman seeks review of the Commissioner's denial of his request to be made the representative payee of his minor child's social security benefits.  Defendant argues against judicial review of the alleged denial on two grounds. First, Defendant claims that the Commissioner's denial was not an "initial determination," and that as such, it does not possess the potential to become a final decision of the Commissioner subject to review by this Court.  Second, Defendant asserts that even if the denial is construed as an "initial determination," judicial review is inappropriate because the denial was not pursued through all steps of the administrative review process.  As such, Defendant's motion raises Rule 12(b)(1) factual challenges, and this Court will consider evidence outside of Mr. Shipman's affidavit to determine whether sufficient facts authorize review by this Court.  *See Velasco*, 370 F.3d at 398.

Under the Social Security Act, 42 U.S.C. § 301 *et. seq.* (the "Act"), United States District Courts are authorized to review decisions of the Commissioner of Social Security pursuant to Section 405(g).  *See also*, 42 U.S.C. § 1383(c)(3) (providing for judicial review of decisions regarding SSI benefits to the same extent as those regarding DIB benefits under Section 405(g)).  The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by Section 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be

reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405 (h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a).

Social Security regulations set forth categories of decisions by the Commissioner that are and are not "initial determinations." *See* 20 C.F.R. §§ 416.1402; 416.1403. A determination about who will act as a payee in the event that the Administration determines representative payment will be made is an "initial determination" subject to judicial review after it has been pursued through all steps of the administrative review process. 20 C.F.R. § 416.1402 (e); 416.1400. However, a "denial of a request to be made a representative payee" is not an "initial determination" and is not subject to either the administrative review process or judicial review. 20 C.F.R. § 416.1403(a)(3). Although it is not entirely clear from Mr. Shipman's affidavit whether the Commissioner's denial of his request was the former or the latter type of determination regarding representative payees, it is plain from Defendant's affidavit that Mr. Shipman's request was separate from and subsequent to the Commissioner's original determination that the child's mother would serve as the representative payee. Accordingly, the Commissioner's determination must be construed as a denial of a request to be made a representative payee under Section 416.1403(a)(3). The denial was thus was not an "initial determination" and is not subject to administrative or judicial review. *Id.*

Even if this Court concluded that the denial was an intital determination, it is worth noting that all steps of the administrative review process have not been pursued, and the

denial is thus not a "final decision" subject to judicial review under Section 405(g).   The

Social Security administrative review process entails four steps: (1) an initial determination;

(2) reconsideration; (3) an administrative law judge hearing and decision; and (4) appeals

council review or denial thereof.   20 C.F.R. § 416.1400(a)(1)-(4).   Once a claimant has

completed that process, a "final decision" has issued and the claimant may seek judicial

review. *See* 20 C.F.R. § 416.1400(a)(5).   Defendant's affidavit states that as of March 7, 2014,

three days before Defendant filed her motion to dismiss, Mr. Shipman's request to be the

representative payee of his minor son's benefits had been denied initially and on

reconsideration.   Def.'s Aff., at 2.   His request for a hearing before an administrative law

judge, however, remains pending. *Id.*   Mr. Shipman's affidavit contains no contradictory

allegations concerning the administrative status of his request. Nor has Mr. Shipman filed

anything with the Court subsequent to Defendant's motion indicating that the administrative

process has since been completed.   Accordingly, the Commissioner's denial of Mr.

Shipman's request is not a "final decision," and absent some action by the Appeals Council,

this Court does not have the authority to review Mr. Shipman's claim under Section 405(g).

    The only other basis for judicial review of the Commissioner's decisions is pursuant

to the expedited appeals process, under which a plaintiff must, among other requirements,

assert that "the only factor preventing a favorable determination or decision is a provision of

the law that [the claimant] believe[s] is unconstitutional." 20 C.F.R. § 416.1424(d). Even

construing his affidavit liberally, Mr. Shipman has not raised any argument challenging the

constitutionality of any provision of the Social Security Act or regulations.   Accordingly, this

Court does not have subject matter jurisdiction to consider Mr. Shipman's claims under the expedited appeals process.

CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 12), construed as a Motion to Dismiss, is GRANTED.

A separate Order follows.

Dated:     July 22 2015                    /s/      _____

Richard D. Bennett<br>
United States District Judge